Curia, per Wardlaw, J.
In each of these cases the defendant having been served with notice that his answer *367 to certain interrogatories was required, made the answer upon oath before the clerk, and left it in the clerk’s office. The plaintiff did not offer the answer, but was held to have precluded himself from using other testimony by having required it. Where a plaintiff resorts to a Court of Equity for the establishment of a claim purely legal, upon the ground that facts essential to his case are exclusively within the knowledge of the defendant, and expects that the court, having possession of the case for discovery, will proceed to grant relief, he must rely upon the answer of the defendant, because his adduction of other evidence would remove the only ground for the jurisdiction of the court; 7 Cranch, 69. But in. all cases where bills are filed for discovery and relief in matters within the equity jurisdiction, the answer may be contradicted, (2 Story Eq. 744;) and where a bill for discovery only has obtained an answer in aid of a suit at law, the plaintiff at law may read the answer or not as he pleases, and if he should not read it, it is not evidence for the defendant, (Hare on Dis-cov. 19.)
These general propositions appear to shew, that in these case's the plaintiffs should have been permitted to offer their testimony. The jurisdiction of the court, to which they resorted, did not at all depend upon discovery. If they had.offered the answers, they might, perhaps, have been considered as having admitted that they had no other sufficient evidence upon the matters concerning which they had interrogated the defendants, and so, from analogy to equity practice, they might have been prevented from contradicting the defendants whom they had made their witnesses. But the notice given by a plaintiff ought not, of itself, to avail to exclude all other means of attaining the truth, although other means- may be discovered after the notice. The defendant having received the notice might have appeared in court to answer ore terms, or having sworn to his answer before the clerk, might have kept it until it was called for to be offered. The notice does not necessarily afford to the plaintiff an opportunity of shaping his course with a knowledge of the answer. If by reason of such notice a defendant should honestly be surprised in *368 a defenceless condition, the discretion of the' court in requiring terms and continuing cases may be invoked for relief.
The motions are granted.
Richardson, O’Neáll, Evans and Butler, JJ. concurred.